IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02511-CMA-MEH

CHIPOTLE MEXICAN GRILL, INC.,

    Plaintiff,

v.

JACK IN THE BOX INC.,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendant's Motion for Leave to File Amended Answer and Counterclaim [filed April 1, 2013; docket #28] ("Motion to Amend"). Though Plaintiff has informed Defendant that it opposes the relief requested, it did not file a response to the Motion to Amend within the time period set forth in D.C. Colo. LCivR 7.1C. For the following reasons, Defendant's Motion to Amend is **granted**.

**I.  Background**

Plaintiff initiated this action on September 21, 2012, alleging trademark infringement, trademark dilution, false designation of origin, and violation of the Colorado Consumer Protection Act. (Docket #1.) Defendant filed an Answer to the Complaint on November 14, 2012. (Docket #19.) On December 27, 2012, the Court entered a Scheduling Order establishing, among other deadlines, a deadline for joinder of parties and amendment pleadings of March 2, 2013. (Docket #23, 10.) Thereafter, the parties moved jointly to extend the deadline through and including April 1, 2013. (Docket #24.) Court granted the motion on March 8, 2013, and amended the Scheduling Order, accordingly. (Docket #26.)

Consistent with the extended deadline, Defendant filed the pending Motion to Amend on April 1, 2013. (Docket #28.) According to Defendant, the proposed Amended Answer and Counterclaim includes a revised (and more accurate) description of the facts and adds a Prior Use defense under 15 U.S.C. § 111(b)(5). (*Id*. at ¶ 5.) As noted briefly above, Plaintiff has not filed a response or requested an extension of time within which to do so.

## II.    Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

As is clear from the docket, Defendant's Motion to Amend falls within the extended deadline agreed to and proposed by both parties in their March 1, 2013 motion. Additionally, the Scheduling Order reveals that fact discovery in this case will not close until September 13, 2013. Given these deadlines, Plaintiff will have ample time within which to conduct discovery on the additional defense. Thus, the Court does not find that Defendant's Motion to Amend is unduly delayed or prejudicial. In the absence of any argument from Plaintiff regarding futility, the Court sees no reason to deviate from the liberal amendment standards set forth in Fed. R. Civ. P. 15. Applying these standards, the Court finds that justice requires leave to amend in this instance.

## III.    Conclusion

For the reasons set forth above, justice dictates that Defendant be granted leave to file an amended answer and counterclaim. Therefore, Defendant's Motion for Leave to File Amended Answer and Counterclaim [filed April 1, 2013; docket #28] is **granted** and Defendant's Amended Answer, Defenses, Counterclaim, and Jury Demand [docket #27] is accepted as filed.

Dated at Denver, Colorado this 25th day of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge